IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SALVADORA KATOSANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-0887-CV-W-HFS |
| ) | |
| ANGELA WASSON-HUNT, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the court are unruled motions to dismiss (Doc. 8), for an extension to time to respond (Doc. 9), and to strike an exhibit to the motion to dismiss (Doc. 10). The motion seeking time will be DENIED as moot (plaintiff having responded to the motion to dismiss). The motion to strike is arguably well taken but will be DENIED, since I conclude the exhibit attached is not dispositive and not prejudicial. The motion to dismiss will be DENIED as premature, since I believe the case may best be handled by a somewhat more developed record, further briefing, and a motion for summary judgment.

Plaintiff alleges a First Amendment violation because she was terminated as an employee of the Kansas City Police Department after notifying her superior, the Director of Citizen Complaints, that the director was lax in enforcing attendance requirements, was mishandling complaints and mistreating minorities, all of which she alleges are matters of public concern. Plaintiff alleges she was acting as a citizen, not in the course of her employment, and was therefore constitutionally protected in her criticism of her supervisor.

The motion to dismiss seems largely based on a claim that there was a job requirement that plaintiff report her complaints, and therefore she was not acting in her role as a citizen. The exhibit, a "Code of Ethics and Rules of Conduct" for the department is apparently a public document, available on the Internet, and will be considered for what it may be worth.

The Rules of Conduct require that "Members" (presumably all Department employees )be "punctual in reporting for duty and in maintaining assigned work schedules" (Para.2). Para. 61 requires that members "report any violation of the Code committed in their presence by other members." Defendant Fain, the Director was not accused of keeping lax hours, and it is not clear what other rules are within the Code that she is alleged to have violated. Other problems with the defense to the complaint may be that simply notifying Fain of the charges may be considered preliminary to making a "report", presumably to someone superior to Fain. The termination proceeding occurred before the reporting duty ripened. I do not believe the Code sufficiently resolves the issues for me to take the drastic action of dismissing the complaint.

For further use by the parties, however, I note some approaches that may well warrant granting summary judgment in favor of the defendant members of the Police Board and Director Fain.

The parties recognize that a major clarification of law occurred in May, 2006, in Justice Kennedy's five to four opinion in Garcetti v. Ceballos, 126 S.Ct. 1951. Public employees are not free to litigate First Amendment issues where the expression that draws retaliation "owes it existence" to the "professional responsibilities" of the speaker. 126 S.Ct. at 1960. The test becomes whether speech was made "in his or her professional capacity". If so, and if the employee's

superiors conclude the expressions are "inflammatory or misguided" they can take "proper corrective action" based on their managerial evaluation.*

The Court's dicta goes on to recite that the proper judicial inquiry is a "practical one", not controlled or limited by "formal job descriptions" 126 S.Ct. at 1962. Thus, a "duty to report" question traceable to a Code of Ethics may be worth considering, but may not be dispositive. The initial inquiry, which may be made with or without deposition testimony from plaintiff, would seem to focus on why would plaintiff engage Fain in a conversation about office management and the like? One might suppose that a person employed as an analyst, although for citizen complaints, might well assume some responsibility for "educating" her superior or obtaining reform of office practices as a member of the employee "team" consisting of the unit within the Police Department. As a co-worker, plaintiff may realistically have been exercising more than a citizen's interest in the activities of the unit.

Garcetti's facts are not helpful, but the dicta is useful on resolving plaintiff's claim to be expressing herself as a citizen, not an employee. Subsequent Eighth Circuit cases are more significant, and have not been discussed in briefing. Eighth Circuit law now gives rather generous application to management rights instead
of using Constitutional law to resolve employee speech disputes. The post-Garcetti case that seems best to enforce citizenship rights of public employees is Lindsey v. City of Orrick, 491 F.3d 892 (2007), where the employee publicly and privately complained of perceived sunshine law violations, which had nothing to do with his employment in property maintenance and supervision. In McGee

---

*Statutes or common law rulings may, of course, protect whistle-blowers, but Garcetti denies constitutional status to the employee's claim–as would also be true of employees of private employers.

3

v. Public Water Supply Dist., 471 F.3d 918 (8th Cir. 2007), however, the Court ruled that a manager of a water supply district was not speaking as a citizen when he questioned environmental compliance on two projects, even after he had been "removed from the water pipe relocation project and was told not to concern himself with the septic tank problem". 471 F.3d at 921. Perhaps most pertinent, volunteered claims that a police chief was intoxicated and disruptive were treated as job-related when made during an investigation of the plaintiff's conduct as a police officer after a report was received of an armed man in a college dormitory. Bradley v. James, 479 F.3d 536 (8th Cir. 2007). In other words Garcetti "duty" is not being rigidly used as a test of employee speech.

All pending motions are DENIED.

A proposed scheduling order shall be filed within thirty days. SO ORDERED.

    /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September 14, 2007

Kansas City, Missouri

4