IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SALVADORA KATOSANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0887-CV-W-ODS |
| ) | |
| ) | |
| ANGELA WASSON-HUNT, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGEMENT ON THE LIMITED ISSUE OF QUALIFIED IMMUNITY

Pending is Defendants' second Motion for Summary Judgment (Doc. # 60). For the following reasons, the motion is denied.

## I. BACKGROUND

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against Pearl Fain ("Fain"), the Director of the Office of Citizen Complaints ("OCC"), and the members of the Board of Police Commissioners ("the Board"), after her employment with the Kansas City Police Department as a probationary analyst at the OCC was terminated. Plaintiff alleges she was terminated in retaliation for voicing her opinions on matters of public concern in violation of the First Amendment.

Defendants filed their first Motion for Summary Judgment on October 21, 2008. Defendants argued that there was no genuine dispute as to any material fact and that Defendants were entitled to judgment as a matter of law that Plaintiff's First Amendment rights were not violated. Defendants did not argue that they were entitled to qualified immunity even if Plaintiff's rights were violated. Defendants also did not and have not argued that the members of the Board are entitled to judgment on the ground that there was no official policy or custom that caused Plaintiff's deprivation, see Monell v.

Department of Social Services, 436 U.S. 658 (1978), so the Court will not address that argument.

The Honorable Howard F. Sachs denied Defendants' Motion for Summary Judgment, ruling that there were disputed facts and that a jury could find that Plaintiff was terminated in retaliation for voicing matters of public concern, in violation of the First Amendment. See Docs. # 47 and 49. This matter was then transferred to the undersigned. Defendants then filed a notice of interlocutory appeal to the Eighth Circuit Court of Appeals. However, after realizing that they had failed to include an argument on the issue of qualified immunity in their first motion for summary judgment, Defendants voluntarily dismissed the appeal and sought leave from this Court to file a second motion for summary judgment limited only to the argument that Defendants are protected by qualified immunity.

The record, construed in the light most favorable to Plaintiff, reveals the following facts. Following a six-month probationary period as a newly hired Analyst for the OCC, Plaintiff met in private with Fain to review her performance as a probationary employee. Plaintiff's evaluation was positive. After the review was completed, the evaluation form had been signed by Plaintiff and Fain, and Fain was preparing to take it to the Personnel Department, Plaintiff told Fain that she had some concerns she wanted to discuss. Plaintiff then told Fain that she had concerns about the way Fain was recording and awarding compensatory time, sick time, and vacation time; specifically, that the leave policy was being administered in an unfair and discriminatory way. Following this discussion, Fain recommended that Plaintiff's employment at the OCC be suspended and then terminated.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis,

2

783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Get Away Club, Inc. v. Coleman, 969 F.2d 664 (8th Cir. 1992). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The inquiry in analyzing the defense of qualified immunity is whether the facts, construed in the plaintiff's favor, show the official's conduct violated a constitutional right and whether that right was clearly established. See Saucier v. Katz, 533 U.S. 194, 201 (2001); Pearson v. Callahan, 129 S.Ct. 808 (2009). In analyzing whether Plaintiff's First Amendment rights were violated, the Court follows a two-step process. "First, the court must determine whether the speech may be described as speech on a matter of public concern. If so, the second step involves balancing the employee's right to free speech against the interests of the public employer." Kincade v. City of Blue Springs, 64 F.3d 389, 395 (8th Cir. 1995). The competing interests of the employee, in her role as a citizen commenting on issues of public concern, are balanced against the interests of the public employer, which desires efficiency in the public services it provides. Id. These two issues are legal issues for the Court to decide. Id.

In denying Defendants' first Motion for Summary Judgment, Judge Sachs ruled there were disputed facts on the issues of whether Plaintiff's communication was motivated by her personal interests rather than by public interests, and on whether Plaintiff's statements were part of the duties of her job. He also ruled there was a factual dispute regarding whether Plaintiff was terminated because of the content of her statements or because of the manner in which she made them. The same facts that are

in dispute on the issue of whether there was a constitutional violation are necessary to resolve whether the right violated was clearly established. Defendants may be entitled to qualified immunity, but the record at this time does not allow the Court to resolve the issue. After a jury makes the necessary factual findings, the Court will be in a position to rule on these legal issues. Accordingly, Defendants' second Motion for Summary Judgment on the limited issue of qualified immunity must be denied.

### III. CONCLUSION

For the foregoing reasons, Defendants' second Motion for Summary Judgment on the limited issue of qualified immunity is denied.

IT IS SO ORDERED.

                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, JUDGE
DATE: July 14, 2009                 UNITED STATES DISTRICT COURT